OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by vacating the award to plaintiff Gerard Marulli and ordering a new trial limited to the issue of damages as to said plaintiff unless, within 20 days from the entry of the order hereon, said plaintiff stipulates in writing to accept the sum of $50,000 for past damages and the sum of $350,000 for future damages, and as so modified, affirmed without costs. In the event that plaintiff Gerard Marulli so stipulates, then the matter is remanded to the court below for entry of a judgment pursuant to CPLR article 50-B.
The testimony and the diagram drawn on the police report by the officer who did not witness the traffic accident were admissible since the court below properly found that they were based, inter alla, on defendant’s admission to the police officer as to the location and the events leading to the rear-end collision (cf., Cover v Cohen, 61 NY2d 261, 274; Casey v Tierno, 127 AD2d 727). Further, the officer testified that had the defendant driver (who had deposed that he spoke to the officer at the scene) given him a version different from that given by plaintiff, he would have recorded it in the police report.
The court properly permitted limited reference by plaintiff’s succeeding treating physicians to the contents of the report of plaintiff’s nontestifying original treating physician which provided background information as to the conservative care that was furnished to plaintiff for a short time after the *1079 accident (see, People v Sugden, 35 NY2d 453; Flamio v State of New York, 132 AD2d 594, 595).
Insofar as damages are concerned, $450,000 of the $500,000 awarded to the injured plaintiff was for future damages for "the permanent effect of the injury” for the next 35 years. Considering the record in the light most favorable to the injured plaintiff, his significant injuries were herniated disc at L3-L4 associated with injury to the sciatic nerve and associated degenerative disc at L4-L5, and cervical radiculopathy.
A plaintiff in a personal injury action is entitled to damages for future pain and suffering if it is sufficiently certain from the evidence that they will necessarily result from the original injury (see, 36 NY Jur 2d, Damages, § 65). It is our view, however, that the award is excessive to the extent indicated in that it deviated materially from what would be reasonable compensation (see, CPLR 5501 [c]).
We also find that the computations made in the structured judgment are erroneous. The attorney’s fees with respect to future damages are governed by CPLR 5041 (c), which provides as follows: "(c) Payment of litigation expenses and that portion of the attorney’s fees related to past damages shall be payable in a lump sum. Payment of that portion of the attorney’s fees related to future damages for which, pursuant to this article, the claimant is entitled to a lump sum payment shall also be payable in a lump sum. Payment of that portion of the attorney’s fees related to the future periodically paid damages shall also be payable in a lump sum, based on the present value of the annuity contract purchased to provide payment of such future periodically paid damages pursuant to subdivision (e) of this section.”
However, the statute further provides that the present value of the annuity contract can only be determined after calculation of, inter alla, attorney’s fees (CPLR 5041 [e]). Thus, as cogently observed by Justice Gammerman in Ursini v Sussman (143 Misc 2d 727, 731), in interpreting the identical provision in CPLR article 50-A, "[w]ere the statute to be literally interpreted it would not be possible to compute the attorney’s fee[s] until the present value of the annuity contract is determined and the present value of the annuity contract cannot be determined until the attorney’s fee is calculated and deducted.”
Inasmuch as courts should interpret statutes to achieve a reasonable approximation of the Legislature’s intent, it is *1080 this court’s opinion that the vexing philosophical problem posed by CPLR article 50-B is best resolved by performing the two calculations as recommended in Ursini v Sussman (supra, at 731): "[a] calculation of the attorney’s fee based on a determination of the present value prior to the deduction of the attorney’s fee and a second calculation to determine the future payments to plaintiff after deduction of the attorney’s fee[s].”
At bar, plaintiff, Gerard Marulli, was awarded $450,000 for future pain and suffering for a period of 35 years. Initially, the period of years must be reduced to 10 since that is the maximum allowable future period for pain and suffering (see, CPLR 5041 [e]). Then, the first $250,000 of future damages must be subtracted from the total $450,000, leaving a sum of $200,000 to be structured over 10 years (see, CPLR 5041 [b]). The present value of $200,000 to be paid in equal, yearly installments over a 10-year period with a 4% annual increase discounted at 7.5% (see, CPLR 5041 [e]) is $170,261.05. The attorney’s fee in this case was based on a one-third contingency and is, therefore, $56,753 as applied to the future periodic payments.
The error in calculating the future payments was occasioned by the defendants’ failure to subtract the aforementioned attorney’s fee from the total amount of future damages. The proper amount to be structured was $143,247 and not $133,334. The defendants erred in computing a second attorney’s fee based on the gross amount of the future damages of $200,000, a calculation not authorized by CPLR article 50-B. Accordingly, the annuity should have provided for a first year’s payment of $14,324.70 with an annual increase of 4%, payable over a period of 10 years.
Finally, we note that inasmuch as the jury’s award was excessive, if plaintiff Gerard Marulli stipulates to accept the sum of $350,000 for future pain and suffering, the amount of future damages subject to structure is reduced to $100,000.
Kassoff, P. J., Monteleone and Aronin, JJ., concur.