OPINION OF THE COURT
Kenneth L. Thompson, Jr., J.
the facts
This personal injury action was transferred from Supreme Court, Bronx County, to Civil Court by order of the Hon. Bertram Katz on February 20, 1992. On February 5, 1993, after hearing this personal injury action, a jury awarded the plaintiff, Joseph Daversa, a verdict in the sum of $792,000. The plaintiff was found to be 20% at fault and the two defendants, Granite Electrical Corporation and P.T.C. Properties, Inc., were found to be 30% and 50% negligent and/or responsible, respectively. After this jury verdict and prior to the entry of judgment the defendant, P.T.C. Properties, Inc., settled with the plaintiff, Joseph Daversa, for the sum of $262,000.
Of the $792,000 verdict awarded to the plaintiff on February 5, 1993, $117,000 represented amounts awarded for past damages including: loss of earnings, $64,000; pain and suffering, $50,000; and medical and hospital expenses, $3,000. The remaining $675,000 awarded to plaintiff represented future damages which included: loss of earnings, $615,000; pain and suffering, $50,000; and medical and hospital expenses, $10,000.
A hearing was held on February 25, 1993 with regard to determining the judgment to be entered against the remaining nonsettling defendant, Granite Electrical Corporation, and also as to the applicability of CPLR article 50-B. At this hearing, the parties appeared to have raised a question of first impression. Can a postverdict prejudgment nonsettling defendant against whom judgment is to be entered utilize CPLR article 50-B in a manner which credits or aggregates the settling defendant’s settlement with the judgment to be entered for purposes of CPLR 5041 (e)? CPLR 5041 (e), the provision of CPLR article 50-B in question, deals with awards of future damages in excess $250,000 in an action to recover damages for personal injury, injury to property or wrongful death. A subsidiary question presented is whether General *856 Obligations Law § 15-108 should be utilized in tandem with CPLR article 50-B to achieve any credit or aggregation based upon the settling defendant’s settlement with plaintiff.
The verdict which could have been entered against the settling defendant, P.T.C. Properties, Inc., would have been in total sum of $396,000. Of this total sum of $396,000, $337,500 would have constituted for the purpose of article 50-B, specifically CPLR 5041 (e) "future damages in excess of two hundred fifty thousand dollars in an action to recover damages for personal injury”. The postverdict prejudgment settlement which plaintiff reached with the settling defendant, P.T.C. Properties, Inc., was in the sum of $262,000.
It is the nonsettling defendant’s position that General Obligations Law § 15-108 prohibits plaintiff from receiving a windfall with respect to lump-sum payments for future damages by settling with a joint tortfeasor, therefore plaintiff should not be allowed to circumvent application of CPLR article 50-B by settling with the codefendant before entering judgment. Similarly, the nonsettling defendant contends that General Obligations Law § 15-108 protects defendants from paying more than their equitable share of a verdict. The plaintiff asserts that CPLR article 50-B does not apply in that the total judgment to be entered against the nonsettling defendant is in the amount of $237,600 which is clearly below the $250,000 lump-sum award for future damages as referred to in CPLR article 50-B. Plaintiff also contends that General Obligations Law § 15-108 is inapplicable to settlements reached after verdict.
DECISION OF THE COURT
The court finds the nonsettling defendant’s contention that General Obligations Law § 15-108 must be applied in tandem with CPLR article 50-B so as to credit this defendant with the postverdict prejudgment settlement of $262,000 to be inimical to the legislative intent of both statutes. In CPLR article 50-B, section 5047 specifically addresses the issue of settlements: "Settlements. Nothing in this article shall be construed to limit the right of a plaintiff, defendant or defendants and any insurer to settle property damage, personal injury or wrongful death claims as they consider appropriate and in their complete discretion.” Moreover, CPLR 5041 (b) permits the court to enter judgment "in lump sum for past damages, for future *857 damages not in excess of two hundred fifty thousand dollars”. While CPLR 5041 (e) speaks specifically to "awards of future damages in excess of two hundred fifty thousand dollars in an action to recover damages for personal injury, injury to property or wrongful death” requiring application of the provisions of CPLR 5041 which has been described as every Judge’s nightmare. (See, Rohring v City of Niagara Falls, 153 Misc 2d 1001.) To aggregate the nonsettling defendant’s judgment with the settling defendant’s settlement for purposes of article 50-B would defeat "the preeminent object of the statute [General Obligations Law § 15-108] to encourage settlement. Therefore, a construction which places a nonsettling defendant in an advantageous position vis-á-vis settling tortfeasors is to be avoided.” (Matter of New York City Asbestos Litig., 188 AD2d 214, 218 [1st Dept 1993]; see also, Didner v Keene Corp., 188 AD2d 15, 29 [1st Dept 1993], citing Cover v Cohen, 113 AD2d 502, 507 [holding that the statute is available only where the plaintiff had discharged one of its tortfeasors prior to the taking of a verdict and entry of judgment].) There is no justification for rewarding recalcitrant nonsettling defendants by permitting them to apply the General Obligations Law offset in a manner that reduces or even obliterates their own liability in cases where plaintiffs are not fully compensated. (See, Didner v Keene Corp., supra, at 32.) Even assuming, arguendo, the General Obligations Law is to provide a credit to the nonsettling defendant, any credit provided to a nonsettling defendant has no defensible purpose beyond that of assuring that the nonsettlor will not be accountable for more than its equitable share of the verdict. (See, William v Niske, 181 AD2d 307.) The equitable share of the verdict of the nonsettling defendant, Granite Electrical Corporation, is $237,600.
Accordingly, the court holds that the provisions of CPLR article 50-B permit the plaintiff to enter judgment against the nonsettling defendant in the amount of $237,600. (See, CPLR 5041 [b], [e]; 5047.) General Obligations Law § 15-108 was not meant to be applied in tandem with the provisions of article 50-B nor should it be applied when the settlement in question was reached after jury verdict but, prior to the entry of judgment, and the nonsettling defendant is not being held accountable for more than its equitable share of the verdict.