OPINION OF THE COURT
Thomas A. Standee, J.
A posttrial application was made to this court regarding interest on the above-entitled action which was tried by a jury on the issue of damages following a determination granting plaintiffs partial summary judgment. Following a jury determination on the issue of damages, the question of the applicability of CPLR article 50-B and whether preverdict interest can be awarded on future damages is before the court.
Plaintiffs herein seek interest on the total amount of the judgment (past and future damages) from June 28, 1990, when Justice Wesley granted partial summary judgment on liability. Defendant does not question plaintiffs’ entitlement to prejudgment interest on the portion of the verdict relating to past damages. (Love v State of New York, 78 NY2d 540 [1991]; Gunnarson v State of New York, 70 NY2d 923 [1987].) This entitlement would include interest on past lost earnings, past pain and suffering, and any recovery in the derivative action.
The dispute herein arises from plaintiffs’ claim that they are also entitled to prejudgment interest on amounts of future damages awarded by the jury. Our research has revealed no controlling case on point which has decided the question before us; should defendant pay preverdict interest on an award for future pain and suffering, future medical expenses, and/or loss of earnings to be incurred in the future.
The theory on awarding prejudgment interest on that portion of the verdict relating to past damages, is that the liability of defendant to plaintiff accrues at the moment the plaintiff becomes entitled to the money, when partial sum *843 mary judgment is granted. It is reasoned that from the point judgment is granted, defendant is holding and using plaintiffs money and plaintiff is, therefore, entitled to interest thereon.
"Once there has been a liability verdict, plaintiffs loss has been established with only the amount to be fixed. By directing defendant to pay interest from the date of the liability determination, plaintiff is made whole for the defendant’s use of the money during that period.” (Love v State of New York, 164 AD2d 155, 157, affd 78 NY2d 540 [1991], supra; Malkin v Wright, 64 AD2d 569, 571.) "The purpose of interest is to compensate a person who has been temporarily deprived of the use of moneys to which he or she is entitled”. (Love v State of New York, supra, at 157.)
We herein apply the rationale used in awarding past damage interest to the plaintiffs’ request for interest on future damages. Future damages first become due when a Judge or jury decide on the damages due plaintiff for injuries which are expected to be suffered by plaintiff, after trial, and into the future.
Unlike past damages, future damages and the liability therefor are determined at a time following trial. The trier of fact may or may not award damages for future losses and the prior partial summary judgment is of no consequence on this liability. Therefore the judicial determination of future damages is at a point in time different from the time damages are established for past damages. "Once a judicial determination has been made that a party has been wrongfully injured by another, it will, except in rare cases, trigger the commencement of the period for which interest is to be awarded as a matter of law.” (Love v State of New York, 164 AD2d 155, 157, affd 78 NY2d 540 [1991], supra; Trimboli v Scarpaci Funeral Home, 30 NY2d 687, affg 37 AD2d 386 [2d Dept 1971]; Malkin v Wright, 64 AD2d 569, 571 [1st Dept 1978], supra; see also, the decision of Justice Shirley Fingerhood in the case of Harvey v Mazal Am. Partners, NYLJ, Aug. 7, 1992, at 22, col 4.)
In the instant case, the plaintiffs did not become entitled to any damages or any award on future pain and suffering, future lost wages, or future medical expenses, until the jury returned with its verdict. When the jury reported its verdict to the court, plaintiffs became entitled to an additional judgment amount for future damages; interest on that portion of the verdict began running at that time.
*844 Prejudgment interest on future damages shall be, and hereby is, awarded plaintiffs from the date of the jury’s verdict to the date of payment.

CPLR Article 50-B

Next is the question of the applicability of CPLR article 50-B to this jury’s verdict. We are not, of course, determining if article 50-B applies (which it obviously does) but rather, "every Judge’s nightmare”,[1] how to apply article 50-B.
Before we begin, it should be noted that we cannot determine the specifics of the matter before us. This court has heard no testimony concerning the discount rate, the current value of the award for future damages, or the plaintiffs’ attorney’s fees. However, rather than run from article 50-B, we will make certain assumptions, then apply the law as we interpret it.
The application of article 50-B to the award in the instant case will, unless the parties can otherwise stipulate, be made following an article 50-B hearing where the requisite evidence will be obtained.
For purposes of our interpretation of article 50-B, we will assume that the award by the jury for past lost earnings was $95,000, for past pain and suffering $120,000, for future lost earnings $230,000, for future pain and suffering $80,000, and for the wife’s derivative claim the sum of $45,000. (These numbers are close in the instant case and have been rounded for ease of calculating the adjustments required by the statute.)
We further assume an annual 4% increase on the annuity, a discount rate of 7.5% and that plaintiffs’ attorney’s fees are one third of the total award.
The jury herein awarded future lost earnings for a period of 10 years and future pain and suffering for a period of 26 years. It is apparent from the statute that the period of years awarded for future pain and suffering must be reduced to 10 years. Also it is clear that the derivative action of the spouse is a separate action and the award to the wife must be made by a lump-sum payment.
The court must now award an additional lump-sum payment under CPLR 5041 (b) of article 50-B. This section states in pertinent part: "The court shall enter judgment in lump *845 sum for past damages, for future damages not in excess of two hundred fifty thousand dollars, and for any damages, fees or costs payable in lump sum or otherwise under subdivisions (c) and (d) of this section. For the purposes of this section, any lump sum payment of a portion of future damages shall be deemed to include the elements of future damages in the same proportion as such elements comprise of the total award for future damages as determined by the trier of fact.”
Under the statute, the plaintiffs would, using our assumed numbers, be entitled to a lump sum for their past damages of lost earnings and past pain and suffering in the total amount of $215,000. In addition, the plaintiffs would be entitled to a lump-sum payment of the first $250,000 of all future damages. The attorney’s fees to this point would be $71,666 on the past damages and $83,333 on the first $250,000 of future damages.
The balance of the future damages of $60,000 must now be dealt with under CPLR 5041. For purposes of this discussion, we have further assumed that the present value of the $60,000 is $45,000.
In attempting to find guidance on the application of section 5041, we have carefully reviewed the decisions in Marulli v Pro Sec. Serv. (151 Misc 2d 1077), Rohring v City of Niagara Falls (153 Misc 2d 1001 [1992], supra) and, the case that is purported to be the leading case in the area Ursini v Sussman (143 Misc 2d 727). Each of these cases takes a different approach to "the problem”; the entry of a total lump-sum judgment as required by CPLR 5041.
In applying subdivision (c) of CPLR 5041, the court must first determine the award of attorney’s fees on future damages. Subdivision (c) states in pertinent part: "Payment of that portion of the attorney’s fees related to the future periodically paid damages shall also be payable in a lump sum, based on the present value of the annuity contract purchased to provide payment of such future periodically paid damages pursuant to subdivision (e) of this section.” This section provides that the present value of the annuity contract can only be determined after calculation of, inter alla, attorney’s fees (CPLR 5041 [e]; Marulli v Pro Sec. Serv., supra, at 1079). As observed by Justice Gammerman in Ursini (supra, at 731), the literal interpretation of CPLR article 50-A would make it impossible to implement. This has also been said of the companion article 50-B. (Marulli v Pro Sec. Serv., 151 Misc 2d 1077, supra; *846 Rohring v City of Niagara Falls, 153 Misc 2d 1001 [1992], supra.)
The circuitous nature of article 50-B has created mixed results as the courts have tried to analyze the text, and put some logic in the statute. Nonetheless, Ursini, Marulli, and Rohring (supra) have each attempted to put reason to the statute and give due course to the legislative intent. Of course, they each interpret the statute differently and, in the case of Ursini, even reach a different result.
In Marulli (supra), the court determined that the correct way to determine the amount to be structured (vis-á-vis the reduction of the award for future damages by the amount of attorney’s fees) was to first compute the amount of attorney’s fees by taking one third of the award that represents the present value of future payment. The attorney’s fees thus determined, the sum of $250,000 would then be subtracted from the total future damage award.
Thus, in our example, the Marulli court would apply article 50-B as follows: The value of future periodic payments is $60,000 reduced to a present value of $45,000. The attorney’s fees thereon would be $15,000. The sum of $15,000 plus $250,000 would then be subtracted from the entire future award of $310,000 leaving an amount of $45,000 to be paid in future periodic installments.
In Rohring (supra), the court reached the same result but by a somewhat different method. This court took the present value of the attorney’s fee on the award on future periodic payments and subtracted that amount from the jury award of future damages in excess of $250,000. In our example, the Rohring court determined the attorney’s fees to be $15,000 (one third of the present value of future payments over $250,000, or 1/3 x $45,000) and subtracted that amount from the jury award of future payments over $250,000 leaving an award for future periodic payments of $45,000 ($60,000 — $15,000 = $45,000).
Thus, the courts in both Marulli and Rohring (supra) reached the same result and in our example, would have paid the plaintiffs the sum of $45,000 in future periodic payments.
In Ursini (supra), Justice Gammerman used a different method and reached a different conclusion. In Ursini, the court determined that the attorney’s fees should be computed in the same manner as Rohring and Marulli (supra); by taking one third of the present value of the future damages. *847 However, Justice Gammerman then subtracted that amount from the present value of future damages. The amount thus reached would then be paid out in future periodic payments.
In our example, the $60,000 future damages award in excess of $250,000 is reduced to a $45,000 present value. This would yield attorney’s fees of $15,000. In Ursini (supra), the amount of attorney’s fees ($15,000) would then be subtracted from the present value of future damages ($45,000) to leave the sum of $30,000 for periodic payment to the plaintiff. Obviously, this is a different result than Rohring and Marulli (supra).

Resolution of CPLR Article 50-B

We respectfully disagree with both approaches. In our opinion, the plaintiff is entitled to the full sum of his or her award. To the same end, the defendant should not be obligated to pay more than the award against him or her, and the ease of computation should not be a factor in interpreting this poorly drafted law.
Logically, one could argue that, but for this statute, the plaintiffs’ attorney could receive his fee of $20,000 (one third of $60,000) over 10 years. Perhaps, fortunately, for the practicing Bar, but unfortunately for those of us who have to interpret it, article 50-B intercedes on behalf of the lawyer to be sure they get their fee at the conclusion of the case and not over a period of years. As previously stated, article 50-B provides that "[p]ayment of * * * the attorney’s fees related to the future * * * damages shall * * * be pa[id] in a lump sum” (CPLR 5041 [c]).
In the Marulli, Rohring, and Ursini cases (supra), the amount of the periodic payments was determined by subtracting "present value numbers” from "future value numbers”. In this court’s opinion this approach is the equivalent of the proverbial comparing apples and oranges, or in algebraic terms, subtracting x from y in solving an equation.
From another standpoint these approaches also lack equity. The approach provided in Marulli and Rohring (supra) require that the defendant pay more than what was awarded. The defendant in our example would pay the equivalent of $48,750 ($15,000 present value of the attorney’s fees plus $33,750 our estimate of the present value of the $45,000 to be paid in future payments) in total present value dollars; more than the $45,000 present value dollars awarded by the jury.
To the same extent, the reasoning in Ursini (supra) leaves *848 the plaintiff with less than he or, she was awarded. In our example, the plaintiffs under the Ursini reasoning receives $30,000 in future periodic payments. However $30,000 is really a "present value” number. As set forth above, if it weren’t for the article 50-B statute the plaintiffs would receive $40,000 in future periodic payments. ($60,000 less $20,000 attorney’s fees paid over 10 years — $40,000.) The statute cannot be interpreted to give the plaintiffs less than the jury awarded.
We thus come to our own approach to article 50-B. Using the assumed figures, the plaintiffs in our illustration were awarded $60,000 (after the mandatory lump-sum payments) in periodic future payments over 10 years. If we applied the "but for 50-B” analogy, the attorney’s fees would be $20,000 (one third of $60,000) in future payments over 10 years. Therefore, under article 50-B, the attorney’s fees should be computed by awarding the present value of $20,000, which is approximately $15,000.[2]
The attorney is receiving the present value of the attorney’s fees due on the periodic future payments of $60,000 over 10 years. It is clear that the attorney is not entitled to any fee over the sum which would be due if the fee were paid over the same 10-year period as the plaintiffs’ periodic future award. The $15,000 present value is the proper sum to be paid in attorney’s fees.
It is then necessary to determine the sum of the future periodic payments due the plaintiffs. Under the reasoning of Marulli and Rohring (supra), the future periodic payments to plaintiffs would be $45,000. In Ursini (supra) the payment is $30,000. However, these sums are actually reached by subtracting a present value sum number from a future value amount.
To correct this "apples and oranges” dilemma, the plaintiffs should be entitled to the balance of the future periodic payments less the amount of future periodic payments for attorney’s fees ($60,000 — $20,000 attorney’s fees), for a balance due of $40,000 over 10 years.[3] Plaintiffs are entitled to a future periodic award of $40,000.
*849 In interpreting the application of CPLR article 50-B we decide as follows:
Using future value numbers* 123[4]
(1) take the future value of attorney’s fees due over the 10 years (one third of $60,000 is $20,000) and convert the $20,000 to present value ($15,000);
(2) then subtract the future value of the attorney’s fee award of $20,000 from the future value of the award of damages ($60,000);
(3) the sum to be paid as future periodic payments to plaintiffs is $40,000.
This interpretation of the requirements of CPLR article 50-B allows for a straightforward computation of the attorneys’ fees on any future periodic award and properly calculates the amount of the future periodic award to the plaintiffs. The formula protects both the attorneys entitled to fees and the plaintiffs’ award from the difficulties encountered in the cited cases where present value amounts and future value amounts were utilized interchangeably.
Using these computations, judgment shall be entered for the present value of the attorney’s fees (in our example present value of $20,000 = $15,000) and in favor of the plaintiffs in the amount of future periodic payments less the future amount of attorney’s fees (in our example $60,000 — $20,000 = $40,000).

Conclusion

Based upon all documentation submitted in support and in opposition to this motion, and upon appearances by Moran & Kuffca, P. C., Richard J. Kufta, Esq., for plaintiffs, and Cham *850 berlain, D’Amanda, Oppenheimer & Greenfield, Henry R. Ippolito, Esq., for defendant, and after due deliberation, it is hereby
Ordered that a hearing shall be scheduled to present evidence on the specific amounts relevant to the application of CPLR article 50-B to the judgment awarded in the within action; and it is further
Ordered that the actual amounts determined in this action shall be applied to the requirements of CPLR article 50-B in accordance with the above decision.

. Rohring v City of Niagara Falls, 153 Misc 2d 1001, 1002 (1992).

. We reach the same number if we take the present value of future payments (present value of $60,000 is $45,000) and then apply the attorney’s fee percentage (one third of $45,000 is $15,000).

. The alternative explanation, which concludes with the same future periodic payment to plaintiffs, is that the present value of the attorney’s fees ($15,000) would be subtracted from the present value of the total *849 periodic future payments ($45,000), leaving a present value balance for payment to the plaintiffs of $30,000. To meet the 10-year future periodic payment requirement, this $30,000 would be converted to future dollar value (approximately $40,000).

. The computations using present value numbers are as follows:
(1) take the present value ($45,000) of the award of future periodic payments in excess of $250,000 ($60,000) and apply the attorney’s fee percentage (1/3) to determine the lump-sum payment to be made as attorney’s fees ($15,000);
(2) then subtract the lump-sum attorney’s fee award at present value ($15,000) from the present value of the award of future damages ($45,000);
(3) the sum thus reached ($30,000) should then be reconverted to future dollars (approximately $40,000).