[608 NYS2d 586]

KATHLEEN REED, Respondent, v HARTER CHAIR CORPORATION, Doing Business as HARTER CORPORATION, Appellant.

Third Department, March 10, 1994

APPEARANCES OF COUNSEL

*Pemberton & Briggs,* Schenectady *(James L Pemberton* of counsel), for appellant.

*Kouray & Kouray,* Schenectady *(Steven X. Kouray* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

On a prior appeal, we modified a judgment in favor of plaintiff by reversing so much thereof as included a lump-sum award for future damages in excess of $250,000 and remitted the matter to Supreme Court to fashion the structured payment as required by CPLR 5041 (185 AD2d 547, 550). The resulting judgment structured by Supreme Court directed the immediate payment to plaintiff of the following lump sums: $56,452 in past damages, $250,000 in future damages, $18,817 in counsel fees on the past damages award and $83,333 in counsel fees on the lump-sum future damages award, for a total of $408,602, plus statutory costs and disbursements. The remaining $34,850 left after subtracting the $408,602 total lump-sum award from the total jury verdict of $443,452 was determined to be future damages to be paid periodically, which was reduced to a total present value of $26,608.56 pursuant to CPLR 5041 (e). The judgment further directed that counsel fees of $8,869.55, related to the present value of the future periodic damages, be paid to plaintiff, and the appropriate future periodic payments were then determined.

On this appeal, defendant first contends that Supreme Court

erred in its award of counsel fees. Supreme Court apparently concluded that pursuant to CPLR 5041 (b) the lump-sum portion of the structured judgment must include past damages, plus the first $250,000 of future damages, plus all counsel fees. CPLR 5041 has been described as "circuitous" *(Singletary v Three City Ctr.,* 158 Misc 2d 841, 846), posing a "vexing philosophical problem" *(Marulli v Pro Sec. Serv.,* 151 Misc 2d 1077, 1080) and "every Judge's nightmare" *(Rohring v City of Niagara Falls,* 153 Misc 2d 1001, 1002, *mod* 192 AD2d 228). At best, the statute is ambiguous, and its application can lead to inexplicable results *(see, Brown v State of New York,* 184 AD2d 126, 130, *lv denied* 81 NY2d 711). CPLR 5041 (b) can be read to support Supreme Court's award of additional lump-sum amounts for all counsel fees, but other trial courts have been uniform in their conclusion that counsel fees for past damages and the first $250,000 of future damages are to be paid out of the lump-sum awards for past damages and $250,000 in future damages *(e.g., Singletary v Three City Ctr., supra; Rohring v City of Niagara Falls, supra,* at 1002-1003, 1006; *Peterson v Zuercher,* 152 Misc 2d 684, 688, *mod on other grounds* 198 AD2d 797).[1]

■ CPLR 5041 (c) provides that counsel fees related to each portion of the award, i.e., past damages, future damages payable in a lump sum and future damages payable in future periodic installments, shall be payable in a lump sum. The statute, however, is silent as to what portion or portions of the verdict the payment of counsel fees should come from. Supreme Court effectively determined that all counsel fees should be paid out of the portion of the verdict that consists of future damages in excess of $250,000. In our view, it is more logical to require that each portion of counsel fees be paid out of the corresponding portion of the verdict upon which the particular portion of the fee is based. Thus, counsel fees related to past damages are payable in a lump sum out of the lump-sum award of past damages and counsel fees related to the first $250,000 of future damages are payable in a lump sum out of the $250,000 lump-sum award of future damages. Only counsel fees related to the periodically paid future damages are payable out of the portion of the verdict that

---

1. Plaintiff is mistaken in her claim that the court in *Rohring* made an additional lump-sum award for all counsel fees. The lump-sum award included only an additional award for counsel fees on the future damages in excess of $250,000 *(Rohring v City of Niagara Falls, supra,* at 1006).

awards future damages in excess of $250,000.[2] The order should be modified, therefore, to delete from the lump-sum award the additional amounts of $18,817 in counsel fees on the past damages and $83,333 in counsel fees of the first $250,000 in future damages, and the amount of the future damages in excess of $250,000 must be increased by those amounts.

CPLR 5041 (c) requires that the portion of counsel fees related to the future periodically paid damages, which must be paid in a lump sum, be calculated on the basis of the annuity contract purchased to provide payment of such damages. CPLR 5041 (e), however, provides that the present value of the annuity contract must be determined after making the adjustment prescribed by CPLR 5041 (c). As explained by one trial court in attempting to apply the similarly worded provisions of CPLR 5031: "Were the statute to be literally interpreted it would not be possible to compute the attorney's fee until the present value of the annuity contract is determined and the present value of the annuity contract cannot be determined until the attorney's fee is calculated and deducted" *(Ursini v Sussman,* 143 Misc 2d 727, 731). In their struggle to resolve the enigma created by the Legislature, the trial courts have fashioned at least four different methods with variable results *(see, Singletary v Three City Ctr., supra).*

It appears that only one appellate court, the Fourth Department, has considered the issue. In *Rohring v City of Niagara Falls* (192 AD2d 228, *supra),* the trial court, after making a lump-sum award of past damages and $250,000 in future damages, had reduced to present value the gross amount of future damages which remained after deducting $250,000, calculated the amount of counsel fees related to future periodically paid damages on the basis of that present value, and then subtracted the resulting amount of counsel fees from the gross amount of future damages which remained after deducting the $250,000 lump-sum award. The Fourth Department concluded that because the trial court determined the present value of the portion of counsel fees related to future periodically paid damages, the trial court should have deducted that amount from the present value of the future periodically paid damages, not the gross amount *(supra,* at 232). We conclude

2. A contrary conclusion could, in some circumstances, cause the total depletion of the portion of the future damages award that exceeds $250,000 to pay counsel fees, resulting in no periodically paid future damages even though the future damages portion of the award exceeds $250,000.

that this is the proper method to be applied in this Department as well. We note that the method proposed by the trial court in *Singletary v Three City Ctr. (supra)* appears to be more logical and yields an equitable result, but because it does not calculate counsel fees on the basis of the present value of the annuity contract, it conflicts with CPLR 5041 (c).

■ We find no merit in defendant's remaining argument. Defendant's claim that the structured award did not conform to generally accepted actuarial principles, as required by CPLR 5041 (e), has no support in the record. Supreme Court was required to resolve a conflict of expert opinions as to how the future periodically paid damages should be calculated, and the fact that Supreme Court chose to rely on plaintiff's expert does not render the award actuarially unsound. We note that there is no need for the order to provide for termination of certain portions of the award upon plaintiff's death, for CPLR 5045 (a) terminates the judgment debtor's liability for those portions of the award upon the judgment creditor's death. We reject defendant's contention that Supreme Court could not determine the period of time over which the future periodically paid damages are to be paid. The jury verdict contained no finding on the time period issue and defendant failed to object either to the form of the verdict sheet submitted to the jury or to the verdict itself. In these circumstances, Supreme Court did not err in acting as the trier of fact on the time period issue *(see,* CPLR 5041 [e]) and its finding is supported by the evidence in the record.

CARDONA, P. J., MIKOLL, CREW III and WEISS, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reducing the lump-sum award contained in the first decretal paragraph by $102,150 from $410,549.50 to $308,399.50, by increasing the remaining future damages award contained in the second decretal paragraph by $102,150 from $34,850 to $137,000, which shall be allocated as follows: future pain and suffering (25.8%) $35,346, future loss of earnings (25.8%) $35,346, future medical expenses (45.2%) $61,924, future household expense (3.2%) $4,384, and by deleting the fourth, fifth and sixth decretal paragraphs; matter remitted to the Supreme Court to make the appropriate calculations to complete the structured award, including the lump-sum award for counsel fees related to the future periodically paid damages; and, as so modified, affirmed.