■ JOAN A. JOHNSTON et al., Respondents, v STEPHEN JOYCE, Appellant. [596 NYS2d 625] —Judgment unanimously reversed on the law without costs and new trial granted on damages for future pain and suffering only unless plaintiffs, within 20 days of service of a copy of the order herein with notice of entry, stipulate to reduce the verdict to $747,592, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the follow-

ing Memorandum: In this medical malpractice action, Joan A. Johnston (plaintiff) alleged that defendant negligently treated a fracture of her left leg, leaving her with a permanently stiff ankle, a limp, and permanent pain. Plaintiff submitted proof that defendant was negligent in multiple respects. The jury returned a general verdict in favor of plaintiff. Defendant contends that the general verdict may have been based on a theory of liability that is unsupported by legally sufficient evidence and that there should have been separate interrogatories calling for a finding by the jury with respect to each of the alleged departures from accepted standards of medical care *(see, Davis v Caldwell,* 54 NY2d 176; *Steidel v County of Nassau,* 182 AD2d 809). Defendant has failed to preserve that issue and is precluded from now attacking the form of the verdict *(see, Suria v Shiffman,* 67 NY2d 87, 96-97, *rearg denied* 67 NY2d 918; *Bowne of N. Y. v International 800 Telecom Corp.,* 178 AD2d 138, 139; *see also,* CPLR 4110-b, 4111 [b]).

We reject defendant's contention that the jury's finding that his negligent treatment proximately caused plaintiff's injuries is contrary to the weight of the evidence. Plaintiff's and defendant's experts disagreed with respect to the injuries attributable to defendant's treatment. "This trial was a prototypical battle of the experts, and the jury's acceptance of [plaintiff's] case was a rational and fair interpretation of the evidence" *(Lillis v D'Souza,* 174 AD2d 976, 977, *lv denied* 78 NY2d 858).

We conclude, however, that the jury's award of $1,000,000 for future pain and suffering is excessive in that it deviates materially from what would be reasonable compensation (CPLR 5501 [c]). Plaintiff suffers from a drop foot condition with osteoporosis, pain and limited motion of her left foot and ankle. Although plaintiff's injury and pain are permanent, restricting her activities and making it difficult for her to walk on uneven surfaces, the evidence does not indicate any need for future treatment or surgery. The only medication she currently takes is an anti-inflammatory drug. Further, plaintiff was able to resume her same employment and is presently so employed. Recently our Court upheld an award of $500,000 for future pain and suffering where the injuries and disability were extensive and severe *(Virkler v Shockney,* 178 AD2d 966). In considering these factors *(see,* CPLR 5522), we conclude that the highest amount that can be justified for future pain and suffering by plaintiff's evidence is $500,000. The amounts

awarded for past lost wages ($32,750), past medical expenses ($14,842) and past pain and suffering ($200,000) are fair and reasonable compensation. We, therefore, order a new trial on the issue of damages for future pain and suffering only *(see, Flansburg v Merritt Meridian Constr. Corp.,* 191 AD2d 756; *see also, Schabe v Hampton Bays Union Free School Dist.,* 103 AD2d 418, 425), unless the parties stipulate to reduce the verdict to $747,592. In that event, attorney's fees are to be recalculated pursuant to Judiciary Law § 474-a.

In structuring a judgment pursuant to CPLR article 50-A, Supreme Court properly directed an award of post-verdict and post-judgment interest on the present value of the judgment *(see,* CPLR 5002, 5003). CPLR 5031 requires that the judgment be reduced to present value, but the statute does not affect the obligation of defendant to pay interest. The structured judgment provision of CPLR 5031 affects only the manner in which defendant may satisfy the judgment. Once the verdict was returned, plaintiff became entitled to interest on her award until such time as defendant satisfies it by paying it in its entirety or by paying the lump sum provided in the statute and delivering an annuity contract for the payment of periodic installments *(see,* CPLR 5032).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Gossel, J.—Medical Malpractice.) Present —Pine, J. P., Fallon, Doerr and Boehm, JJ.