[601 NYS2d 740]

ERIC ROHRING, Respondent, et al., Plaintiff, v CITY OF NIAGARA FALLS, Appellant and Third-Party Plaintiff. FALLS STEEL ERECTORS, INC., Third-Party Defendant-Appellant. (Appeal No. 1.)

Fourth Department, July 16, 1993

## APPEARANCES OF COUNSEL

*Lustig & Brown,* Buffalo *(John A. Ziegler* and *Herbert J. Lustig* of counsel), for appellant.

*Herzfeld & Rubin, P. C.,* New York City *(Raymond C. Green, Herbert Rubin, David B. Hamm, Miriam Skolnik* and *Noreen Giusti* of counsel), for third-party defendant-appellant.

*Paul William Beltz, P. C.,* Buffalo *(Robert Nichols* of counsel), for respondent.

## OPINION OF THE COURT

BOEHM, J.

These appeals raise issues concerning the application of CPLR article 50-B to an award of future damages after a jury trial on damages only, as well as issues concerning the conduct of the trial itself.

I

On November 20, 1986, Eric Rohring (plaintiff) was employed as an ironworker by third-party defendant, Falls Steel Erectors, Inc. (Falls Steel), on a project at a pumping station owned by defendant-third-party plaintiff, City of Niagara Falls (City). Plaintiff suffered a serious and debilitating heel injury when his safety belt split and he fell from a ladder. Plaintiff and his wife commenced this personal injury action in 1987 against the City, which thereafter brought a third-party action against Falls Steel seeking indemnification and contribution. Plaintiff was granted summary judgment on March 9, 1989 against the City on the issue of liability, pursuant to Labor Law § 240. Thereafter, a trial was conducted on the issue of damages. On February 14, 1991, the jury determined that plaintiff had a life expectancy of 35 years and a work life expectancy of 25 years and awarded plaintiff a gross verdict of $2,501,311, which resulted in a structured judgment pursuant to CPLR article 50-B. Falls Steel and the City appeal from that judgment (appeal No. 1). The jury also awarded $20,000 on the wife's derivative claim. A judgment for that amount plus interest was entered against the City, and a separate judgment was entered in favor of the City against Falls Steel on the City's indemnification cause of action. Falls Steel also appeals from those two judgments (appeals Nos. 2 and 3).

II

We reject the contention of Falls Steel and the City that a new trial should be ordered because the conduct of plaintiff's attorney deprived them of a fair trial. A party's right to a fair trial in a civil action may be defeated when the conduct of opposing counsel unfairly and prejudicially interjects extraneous and irrelevant issues (see, Giuamara v O'Donnell, 96 AD2d 1049; Laughing v Utica Steam Engine & Boiler Works, 16 AD2d 294). When the conduct of counsel has "permeated the trial and created a climate of hostility that effectively destroyed the defendant's ability to obtain a fair trial", reversal

is the appropriate remedy *(DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 198). However, the several improprieties catalogued by Falls Steel did not, together or separately, deprive it and the City of a fair trial.

The primary issue at trial was the amount to be awarded for plaintiff's future lost earnings. Plaintiff's expert testified that plaintiff's future lost earnings and fringe benefits totaled in excess of $3,600,000. The defense's expert testified that plaintiff's future lost earnings and fringe benefits would amount to $1,678,000. The jury awarded future lost earnings in the amount of $1,600,000, a sum less than one half of the figure offered by plaintiff's proof. Thus, in spite of the many cited efforts on the part of plaintiff's counsel to attempt to manipulate the trial, it is apparent that the jury gave greater credence to the testimony of the defense's expert in assessing the value of plaintiff's future lost earnings. Viewing the entire trial together with the verdict in totality, we conclude that the questionable conduct of plaintiff's attorney did not defeat the defense's right to a fair and undistorted consideration of its proof.

Our attention has also been directed to the form of the verdict sheet. There is no merit to Falls Steel's and the City's contention that the court erred in refusing to include a question on the verdict sheet asking whether plaintiff had failed to mitigate past and future damages, and that this had the effect of precluding the jury from considering that issue. No authority has been submitted to support their position and our examination of the interrogatories and Comment in the New York Pattern Jury Instructions *(see,* PJI 2:325, and Comment at 1 NY PJI 692-696, and 1992 Supp, at 617-618) has disclosed no such requirement. Further, the court's charge fully covered the issue of mitigation, and the verdict sheet did not in any way preclude the jury from considering all of the relevant issues, including mitigation.

The challenge by Falls Steel and the City to the lack of foundation for the testimony of plaintiff's expert with respect to future lost wages and future medical expenses was not raised at trial and is, therefore, not preserved for appeal.

### III

Falls Steel and the City further contend that the court made several errors in applying CPLR article 50-B. In applying the statute, the court properly ordered lump-sum pay-

ments for past damages of $275,311 and for the initial $250,000 of future damages; reduced the remaining gross value of the future damages of $1,976,000 to a present value of $1,272,979; determined that plaintiff's attorney's fees with respect to future damages had a present value of $424,326.27; and concluded that the net award of future damages, to be structured to provide periodic payments, was $848,652.54. The periodic payments were structured over the appropriate time periods: 35 years for future medical expenses; 25 years for future lost wages, future replacement cost of wood (which plaintiff had hewn before his injury and still uses as a heating source), and future replacement cost of household services; and 10 years for future pain and suffering.

■ The court went awry, however, when it attempted to structure the periodic payments. To determine the proper amounts of the periodic payments, the court had first to subtract those portions attributable to attorney's fees, as they are to be paid up front. To make that calculation, the court could have subtracted the present value of the attorney's fees from the present value of the awards, or it could have subtracted the gross value of the attorney's fees from the gross award of future damages; either method is correct but, unfortunately, mathematically cumbersome. What the court should not have done was to do what it did; it subtracted the present value of the attorney's fees from the gross value of the damages award, thereby inflating the value of the periodic payments. In recalculating the periodic payments, we reduce the present value of the amount attributable to each element of damages by the corresponding present value of attorney's fees. The proper calculation yields initial yearly periodic payments of $6,146 for future medical expenses; $37,875 for future lost wages; $11,837 for future pain and suffering; $296 for future replacement cost of wood; and $1,183 for future replacement cost of household services.

■ Although the jury considered inflation in awarding future damages, the court properly ordered that the periodic payments be increased by 4% per year, as required by statute (see, Brown v State of New York, 184 AD2d 126; CPLR 5041[e]). Thus, each of the periodic payments will increase by 4% per year. The court also properly awarded interest on the judgment from March 9, 1989, the date on which liability was determined (see, CPLR 5002, 5003; Love v State of New York, 78 NY2d 540; Johnston v Joyce, 192 AD2d 1124). We reject Falls Steel's and the City's

contention that *Milbrandt v Green Refractories Co.* (79 NY2d 26) requires that interest on the present value of future damages be computed from the date such damages are awarded, rather than from the date of the determination of liability. In *Milbrandt,* the Court of Appeals held that in a wrongful death action preverdict interest may not be awarded under EPTL 5-4.3. The present action, however, is one for damages for personal injury, not for wrongful death, and in *Love v State of New York (supra),* also a personal injury action seeking damages for past and future lost earnings and past and future pain and suffering, the Court of Appeals held that interest on the award should be calculated from the date of the determination of liability. The record in *Love* reveals that the bulk of the award was, in fact, for future lost earnings and future pain and suffering.

## IV

■ Finally, we reject Falls Steel's contention that the third-party action should be dismissed. A final judgment does not bring up for review intermediate issues that have previously been reviewed and decided by this Court *(see,* CPLR 5501 [a] [1]; *see also, Matter of Dora P.,* 68 AD2d 719, 728; *Fehlhaber Corp. v State of New York,* 63 AD2d 1038). We have previously rejected Falls Steel's contention that the third-party action should be dismissed *(Rohring v City of Niagara Falls,* 167 AD2d 992), and Falls Steel may not here raise that issue again *(see, State Bank v McAuliffe,* 108 AD2d 979, 980, *lv denied* 65 NY2d 603, 741; *see also, Rohring v City of Niagara Falls,* 185 AD2d 685).

## V

Accordingly, the judgment of Supreme Court in appeal No. 1 should be modified to the extent that the periodic payments due from the City are payable as set forth above. The judgments in appeals Nos. 2 and 3 should be affirmed.

PINE, J. (dissenting). We respectfully dissent from the part of the majority's decision that approved the granting of interest on the award of future damages.

On March 9, 1989, the court granted partial summary judgment to plaintiff on liability in this personal injury action and the matter proceeded to trial on the issue of damages. On February 14, 1991, the jury returned a verdict awarding

plaintiff $2,501,311, which included an award of $2,226,000 for future damages from February 14, 1991 for a period of 35 years. By judgment dated August 3, 1992, the court discounted the award of future damages to arrive at a present value of $848,652.54. In addition to providing for payment of the award for future damages in periodic installments, the judgment provides for payment of interest on the $848,652.54 award for future damages from March 9, 1989, the date that partial summary judgment was granted on liability.

The court erroneously granted interest on the award for future damages from March 9, 1989. Interest is "the cost of having the use of another person's money for a specified period [citation omitted]. It is intended to indemnify successful plaintiffs 'for the nonpayment of what is due to them' " (Love v State of New York, 78 NY2d 540, 544, quoting Trimboli v Scarpaci Funeral Home, 37 AD2d 386, 389, affd on opn below 30 NY2d 687). When the jury determined damages by their verdict on February 14, 1991, they determined the amount of future damages from that date. Until that date, defendant did not have the use of money to which plaintiff was entitled. Thus, plaintiff was not entitled to interest on that award from March 9, 1989.

Further, as indicated by the Court of Appeals in Milbrandt v Green Refractories Co. (79 NY2d 26, 35), where the award for future damages is discounted only to the date of the verdict fixing the amount of future damages, the addition of interest from an earlier date results in "a windfall for plaintiff and a punitive sanction on defendant".

GREEN, J. P., and LAWTON, J., concur with BOEHM, J.; PINE, J., dissents in part in a separate opinion in which BOOMER, J., concurs.

Judgment modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by BOEHM, J.