*771 OPINION OF THE COURT
Ira Gammerman, J.
The court sua sponte recalls and vacates the decision, order and judgment in this matter dated October 11, 1995 and entered on October 19, 1995. In its place the following decision and judgment is issued.
In this medical malpractice action the jury found against defendants Goodgold and New York University and awarded $9,135,000 to plaintiff Christos Petrides and $1,000,000 ($300,000 for past damages, $700,000 for future damages) to plaintiff Yota Petrides. Prior to the verdict the parties stipulated that Christos Petrides was entitled to an additional amount of $28,728 for past medical and hospital expenses (an amount in excess of collateral source payments) if the jury found for plaintiffs. Mr. Petrides’ total recovery was, therefore, $9,163,728 of which $3,028,728 was awarded for past damages and $6,135,000 for future damages.
Defendant’s motion to set aside the verdict was granted only to the extent of setting aside the award of $760,000 for future medical expenses and the award of $2,200,000 for future nursing and home care unless plaintiff Christos Petrides stipulated to reduce the first award to $521,103 and the second award to $2,040,080. Plaintiff so stipulated and thus the total recovery with respect to plaintiff Christos Petrides was $8,764,911 of which $5,736,183 represented future damages.
Pursuant to CPLR article 50-A, $5,736,183 of the award to Christos Petrides and $450,000 of the award to Yota Petrides must be structured.
In Ursini v Sussman (143 Misc 2d 727) and Andrialis v Snyder (159 Misc 2d 419), I outlined a method of structuring awards for future damages, which, in my view, was consistent with the statutory language which provides that payments to which the plaintiff is entitled be computed after deduction of the attorney’s fee "by applying the discount rate in effect at the time of the award to the full amount of the remaining future damages”. (CPLR 5031 [e]; 5041 [e].) I suggested that such language mandated the deduction of the attorney’s fee (computed after determining the present value of the future awards less $250,000) from the unreduced or gross award made by the jury (step 5 in the procedure suggested in Andrialis v Snyder, supra). It appeared that other courts had deducted the attorney’s fee from the already discounted award and then computed the periodic payment by dividing that amount by *772 the number of years over which the plaintiff was to be paid, thereby, in effect, double discounting the award for future damages.
In Rohring v City of Niagara Falls (84 NY2d 60), the Court of Appeals, agreeing with my observation in Ursini (supra) that subdivision (c) of CPLR 5031 and 5041 and subdivision (e) of the same two sections were circular and concluded that the statutes are "patently ambiguous and * * * impossible to apply as written” (84 NY2d, at 67). The Court, therefore, adopted the structuring method devised by the Appellate Division in its decision in Rohring (192 AD2d 228).
What the Appellate Division, Fourth Department, held (Rohring v City of Niagara Falls, 192 AD2d, supra, at 232), and the Court of Appeals affirmed, was the following: "To make that calculation [of the periodic payments to which plaintiff is entitled], the court could have subtracted the present value of the attorney’s fees from the present value of the awards, or it could have subtracted the gross value of the attorney’s fees from the gross award of future damages; either method is correct but, unfortunately, mathematically cumbersome.” Deducting the gross value of the attorney’s fees from the gross value of the award for future damages is, however, substantially less cumbersome and is the method of calculation that should be employed.
For example, assume an award for future damages (after deduction of the $250,000 lump sum) of $1,500,000: $600,000 for lost earnings for 20 years; $450,000 for pain and suffering for 30 years; $450,000 for medical expenses for 30 years. Reducing these gross awards by an attorney’s fee of one third results in the following: $400,000 for lost earnings; $300,000 for pain and suffering; $300,000 for medical expenses. The initial annual installments to which plaintiff is entitled can be computed by dividing those reduced gross figures by the appropriate number of years: 20 for lost earnings; 10 for pain and suffering (per statute); 30 for medical expenses. The plaintiff, therefore, is entitled to the following initial annual payments: $20,000 for lost earnings; $30,000 for pain and suffering; $10,000 for medical expenses.
To compute the attorney’s fee, it is necessary, using an appropriate discount rate, to determine the present value of a stream of payments to the plaintiff for the appropriate number of years, each annual payment to be increased by 4% compounded annually. The calculation of the fee is not made on the actual periodic payments the plaintiff will receive but on *773 the present value of periodic payments computed by first dividing the jury award (prior to the reduction of the award by the attorney’s fee) by the number of years for which the award is made. Thus, in this example, for the purpose of computing the attorney’s fee, the first annual payment to which the plaintiff would be entitled for lost earnings would be $30,000; for pain and suffering $45,000; for medical expenses $15,000. Assume that the calculation of present value indicates that the total present value of those future payments is $750,000. The attorney, therefore, is to receive a fee of one third of that amount or $250,000.
The Court of Appeals decision in Rohring (supra) in adopting the method of calculation formulated by the Appellate Division, Fourth Department, made clear that the double discounting method of calculation, erroneously employed by some courts, is not in accord with the underlying intent of the statutory scheme. In addition, the Rohring method of calculation employs the discount rate for only one purpose, to compute the attorney’s fee, eliminating the conflict of interest between attorney and client with respect to the discount rate which I discussed in CPLR Articles 50A and 50B: Unresolved Questions (20 Trial L Sec Dig, at 101), inasmuch as the amount which the client is to receive in periodic payments is unaffected by the discount rate.
Applying the Rohring method of calculation in this case is quite simple because the jury awarded all future damages for 10 years (Mr. Petrides was 65 years old at the time of trial).
Computing the attorney’s fee on Mr. Petrides’ recovery pursuant to Judiciary Law § 474-a, the gross fee to which plaintiffs’ attorney would be entitled is $1,026,491 or approximately 11.71% of the award. The future award less $250,000 (I have included the $75,000 award for future home modification in the $250,000 lump sum) is $5,513,183. The attorney’s gross fee on this amount is $645,559. Deducting this attorney’s gross fee from the gross award for future damages (after deduction of the $250,000 lump sum) leaves $5,090,025. To compute the first annual payment to plaintiff Christos Petrides that figure is to be divided by 10 (the number of years set by the jury). Thus, Christos Petrides is entitled to an annuity which will pay him $509,062.50 in the first year, to be paid monthly, for 10 years, with the payments to be increased each year by 4% compounded annually.
To determine the attorney’s fee on the future periodic award, it is necessary to determine the present value of a stream of *774 payments, using the jury award for future damages (less $250,000) before deduction of attorney’s fee using an appropriate discount rate. Here the parties have agreed to a discount rate of 6%. The present value of that stream of payments is $4,522,378 and the attorney’s fee, 11.71% of that amount, is $529,570.
With respect to the award to plaintiff Yota Petrides, the attorney’s gross fee on that award is $237,500 or 23.75%. 23.75% of $450,000 ($700,000 future award less $250,000 lump sum) is $106,875. Deducting this amount from $450,000 leaves $343,125. Thus, Yota Petrides is entitled to an annuity which will pay her $34,312.50 in the first year, to be paid monthly, for a period of 10 years with the payments to be increased each year by 4% compounded annually. The present value of a stream of payments calculated on the award to plaintiff Yota Petrides before deduction of the attorney’s fee is $401,336, and the attorney’s fee, 23.75% of that amount, is $95,317.30.
The procedure outlined for the structuring of future damages in Andrialis (159 Misc 2d 419, supra) requires correction in the light of Rohring (supra). Step 1, however, remains the same.
(1) Reduce each item of future damages by an appropriate proportion of the $250,000 lump sum.
(2) Deduct an appropriate unreduced attorney’s fee[1] from each item of future damages (in nonmedical malpractice cases where the fee is usually one third, each item need only be reduced by one third).
(3) Divide each of the amounts calculated in step 2 by the number of years for which the award was made (note that for pain and suffering that number cannot be more than 10).
(4) The amount calculated in step 3 represents the first year’s payment to which the plaintiff is entitled for that item of damage and the judgment should, therefore, direct the defendant to purchase an annuity from an insurance carrier to be named by the court which will provide a stream of periodic monthly payments to plaintiff in the amounts calculated in step 3 above, to be increased each year by 4% compounded annually.
(5) Compute the present value of the stream of payments that would be produced by reducing the jury award for each item of future damages by an appropriate proportion of the $250,000 lump sum and determining the first year’s payment *775 by dividing the amounts calculated by the number of years for which the award was made (note that for pain and suffering that number can be no more than 10). There are a number of computer programs available to make this calculation once the first year’s payment is determined. All that is needed is that amount, the number of years for which the award is made and the discount rate.
(6) Compute the attorney’s fee based on the total present values computed in step 5 above.
The judgment to which the plaintiff is entitled will provide for a lump-sum payment for all past damages plus $250,000 plus the attorney’s fee as calculated in step 6 above in addition to directing the purchase of an appropriate annuity. The judgment should also reflect the present value of that annuity. That present value can be computed in the same manner that the present values are computed to determine the attorney’s fee.
It is, therefore, ordered and adjudged that plaintiff Christos Petrides have judgment and recover against defendants Albert Goodgold and New York University in the amount of $3,808,298.40 plus interest on $8,330,676.40[2] from June 20, 1995 together with costs and disbursements of $1,118.50 as taxed by the clerk for a total amount of $3,973,849.42; and it is ordered and adjudged that plaintiff Yota Petrides have judgment and recover against defendants Albert Goodgold in the amount of $622,680.46 plus interest on $928,703.46 from June 20, 1995 for the total amount of $650,388.90; and it is ordered and adjudged that defendants purchase an annuity from Metropolitan Life Insurance Company naming Christos Petrides as beneficiary, said annuity to provide for payments on the first day of each month commencing with January 1, 1996 to Christos Petrides for as long as he shall live but for no more than 10 years, said payments to total in the first year $481,632.50 and to be increased by 4%, computed annually, said annuity having a present value of $4,295,486; and it is further ordered and adjudged that defendants purchase an annuity from Metropolitan Life Insurance Company naming Yota Petrides as beneficiary, said annuity to provide for payments on the first day of each month commencing with January 1, 1996 to Yota Pet- *776 rides for as long as she shall live but for no more than 10 years, said payments to total in the first year $34,312,50 and to be increased by 4%, computed annually, said annuity having a present value of $306,023.

. This is not the fee the attorney will actually receive. That fee is calculated in step 6 below.

. This amount represents past damages, the $250,000 lump-sum payment, the attorney’s fee on periodic payments and the present value of the periodic payments (see, Rohring v City of Niagara Falls, 84 NY2d 60, supra).