■ ANTHONY SILVESTRI, Respondent, v GERALD J. SMALLBERG, Appellant. [637 NYS2d 115] —Judgment, Supreme Court, New York County (Louise Gruner Gans, J., and a jury), entered July 21, 1995, *inter alia*, awarding plaintiff net present value damages of $1,700,692.50, plus interest, affirmed, without costs.

Conflicting testimony in this medical malpractice action as to whether defendant deviated from good and accepted standards of medical practice in not performing a lumbar puncture raised issues of credibility for the jury's resolution, whose verdict on the issue of malpractice reflects a fair interpretation of the evidence (*see, Lichtenstein v Bauer*, 203 AD2d 89). There was insufficient evidence to warrant a charge on comparative or contributory negligence (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 516-517), there being no proof, other than defendant's uncorroborated and self-serving assertions, that plaintiff had lied to defendant about a history of high-risk sexual activity. The award of $1.25 million for past and future pain and suffering was not excessive, given that plaintiff, 30 years old at the time of the malpractice, suffered an avoidable stroke that resulted in many severe and debilitating injuries, including garbled speech, incontinence in both urinary and bowel function, inability to stand or make use of the right arm and only limited use of the right leg. The award of $725,000 for future lost earnings was also reasonable, given plaintiff's promising career prospects at the time of the malpractice, supported by proof of pay increases sufficient to permit an assessment based upon future probabilities (*see, Kirschhoffer v Van Dyke*, 173 AD2d 7, 10), and career prospects now not nearly so auspicious.

Finally, defendant's argument that post-judgment interest should not accrue on periodic payments that are due and owing in the future was specifically rejected in *Rohring v City of Niagara Falls* (84 NY2d 60), and there is no basis for the distinction that defendant makes between post-verdict interest under CPLR 5002 and post-judgment interest under CPLR 5003 (*see, Johnston v Joyce*, 192 AD2d 1124, 1126). Concur—Kupferman, Ross and Williams, JJ.

Murphy, P. J., and Sullivan, J., concur in a memorandum by Sullivan, J., as follows: Even assuming that defendant's question to plaintiff regarding his sexual history was specific enough to warrant a response as to plaintiff's sexual contact with prostitutes, the court did not err in refusing to charge the jury with respect to plaintiff's culpable conduct. There is no evidence that, had defendant known of plaintiff's sexual encounters, he would have ordered a lumbar puncture or, indeed, that such knowledge would have, other than to "make [him] a little bit more suspicious for infectious syphilitic AIDS, HIV infection, gonnorhea, all of these kinds of things," affected his care of plaintiff. Accordingly, I agree that there should be an affirmance.