OPINION OF THE COURT
Ira Gammerman, J.
This is the fourth opinion[1] I have written on CPLR articles 50-A and 50-B and is made necessary by an error in the method *619 used to calculate the attorney’s fee in Petrides v Goodgold (170 Misc 2d 770, supra) and, more importantly, by a misinterpretation of the Court of Appeals decision in Rohring v City of Niagara Falls (84 NY2d 60) by the trial court in Silvestri v Small-berg (165 Misc 2d 827), which error was not raised on appeal in either the Appellate Division or the Court of Appeals and thus never corrected.
In this case the jury made the following award:
For past damages, loss of earnings $206,207; pain, suffering and disability to date $3,000,000; for future damages, the cost of home renovation $50,000, lost earnings $266,787 for 12.9 years; medical care, appliances, medications and home aide $2,482,913 for 40 years; pain, suffering and disability $2,000,000 for 40 years. Defendants’ motion to set the verdict aside was granted only to the extent of setting aside the $3,000,000 award for past pain, suffering and disability unless plaintiff stipulated to reduce that award to $1,000,000, which she did.
After a hearing pursuant to CPLR 4545 and 4546, the awards for past and future loss of earnings were reduced by 15%, and 6.5% was determined to be the appropriate discount rate. Thus, the gross award to plaintiff was $5,934,958 representing past damages of $1,175,276 and future damages of $4,759,682. The gross attorney’s fee on this amount, pursuant to Judiciary Law § 474-a, was $743,496 or 12.53%. .
Each item of future damages, except for the $50,000 awarded for home renovation which was deducted in full from the $250,000 lump sum provided by the statute, was reduced by an appropriate portion of the remaining $200,000 (Petrides step 1). This reduced amount was further reduced by the attorney’s fee of 12.53% (Petrides step 2) and divided by the number of years for which the award was made (except for the award for future pain, suffering and disability which was divided by 10) (Pet-rides step 3). Thus, the first year’s payments for each item of future damages was computed: $51,979 for medical expenses and household aide; $14,586 for loss of earnings; $167,598 for pain, suffering and disability. The total present value of the future awards, reduced by both a proportional share of the $250,000 lump sum and the attorney’s gross fee, using a 6.5% discount factor, was $3,336.03 (Petrides step 5).
However, Petrides’ step 6 requires correction. For step 6 it is necessary, again pursuant to Judiciary Law § 474-a, to recompute the attorney’s fee on the present value of the total award for both past and future damages. That fee here is $626,131 or 13.15%. Thus step 6 involves merely the computa *620 tion of the true attorney’s fee, either the flat fee or the sliding scale fee pursuant to Judiciary Law § 474-a on the total award, i.e., past damages, the $250,000 lump sum and the present value of the future damages which exceed $250,000.
Thus, here, plaintiff is entitled to a lump-sum judgment of $1,872,857 representing past damages of $1,175,276, the $250,000 lump sum and an attorney’s fee of $447,581 on the future damages in excess of $250,000, plus one or more annuities which will make the following payments: $51,979 in the first year increased by 4% compounded annually for 40 years; $14,586 in the first year increased by 4% compounded annually for 13 years; and $167,598 in the first year, compounded annually, for 10 years.
Turning now to Silvestri v Smallberg (supra), the error committed by the Trial Judge involved the calculation of the first year’s payment to which the plaintiff was entitled by deducting the attorney’s fee not from the gross jury award but from the discounted award and then dividing that reduced, already discounted amount, by the number of years for which the award was made. Although the gross award was not reflected in any of the decisions in Silvestri the judgment reflects that plaintiff in that case was awarded past loss of earnings of $120,000; past pain and suffering of $625,000; future loss of earnings of $725,000 for 29 years and future pain and suffering of $625,000. The total gross award in Silvestri was, therefore, $2,095,000. The attorney’s fee computed pursuant to Judiciary Law § 474-a would be $359,500 or 17%. The first year’s payment for future loss of earnings should have been computed as follows: from the $725,000 awarded, $135,000 should have been deducted representing the proportional share of the $250,000 lump sum and an additional $100,300 deducted representing the attorney’s fee of 17%. The balance, $489,700, should then have been divided by 29 and the first year’s payment to which plaintiff was actually entitled would thus be $16,886 or $5,814 more than the trial court computed in Silvestri. Because of the erroneous method used by the Silvestri Trial Judge, the plaintiff, in that case, over the next 29 years, will lose an amount in excess of $168,606 in periodic payments for lost earnings. The total loss to the plaintiff for future pain and suffering will exceed $70,000 for the next 10 years.
By first computing present value, deducting the attorney’s fee and then dividing by the number of years, the Trial Judge in Silvestri (supra) was in effect discounting twice and reveals a basic misunderstanding of the method of calculation *621 employed in Justice Boehm’s decision for the Appellate Division, Fourth Department, in Rohring v City of Niagara Falls (192 AD2d 228), which was adopted by the Court of Appeals (84 NY2d 60, supraX As pointed out in Petrides (supra), the Court of Appeals decision in Rohring, in adopting the method of calculation formulated by the Appellate Division, Fourth Department, made clear that the double discounting method of calculation, erroneously previously employed by some courts is not in accord with the underlying intent of the statutory scheme.
Unfortunately, plaintiffs attorney in Silvestri (supra) did not recognize the serious error made by the Trial Judge and did not cross-appeal. Thus the only issue raised in the Appellate Division by the defendant in Silvestri was the alleged excessiveness of the awards for pain and suffering and future loss of earnings and the failure to charge on comparative negligence (Silvestri v Smallberg, 224 AD2d 172). By the time Silvestri reached the Court of Appeals the only issue preserved related to postjudgment interest, the Court holding that postjudgment interest accrues from the time of the verdict (88 NY2d 1004). Thus, neither the affirmance by the Appellate Division or the Court of Appeals in Silvestri constitutes approval by those Courts of the erroneous calculation of future damages employed by the trial court.
Hopefully this decision will provide sufficient guidance to trial courts so that the unfortunate result and loss to the plaintiff in Silvestri (supra) will not reoccur.

. Ursini v Sussman, 143 Misc 2d 727; Andrialis v Snyder, 159 Misc 2d 419; Petrides v Goodgold, 170 Misc 2d 770.