OPINION OF THE COURT
Ira Gammerman, J.
The court, sua sponte, recalls its decision of September 10, 1998, and renders the following decision.
In my fourth opinion dealing with CPLR articles 50-A and 50-B, Taromina v Presbyterian Hosp. (171 Misc 2d 618, revd on other grounds 242 AD2d 505), I discussed the misinterpretation of the Court of Appeals decision in Rohring v City of Niagara Falls (84 NY2d 60) by the trial court in Silvestri v Smallberg (165 Misc 2d 827). In Silvestri, the trial court double discounted by deducting the attorney’s fee from the discounted award and then dividing that already reduced, discounted amount, by the number of years for which the award was made. The erroneous method used to calculate future periodic payments in Silvestri was not raised on either the appeal to the Appellate Division (224 AD2d 172) or to the Court of Appeals (88 NY2d 1004) in that case. The issue before the Appellate Division was excessiveness and the correctness of the charge; the issue before the Court of Appeals was the calculation of postjudgment interest. Thus the affirmance by those courts does not constitute approval of that erroneous method. Indeed, the Appellate Division, Second Department, specifically held in Bryant v New York City Health & Hosps. Corp. (250 AD2d 797 [2d Dept 1998]) that the annuity is to be computed upon the remaining (presumably after deduction of the $250,000 lump *557 sum and attorney’s fee) undiscounted future damages as opposed to the present (already discounted) value of the remaining future damages, citing among other cases Petrides v Goodgold (170 Misc 2d 770), which outlined the six steps to be followed in computing the periodic payments and the attorney’s fee with respect to the future awards in excess of $250,000.[1]
Nevertheless, the defendant in Flynn, apparently ignoring the Court of Appeals decision in Rohring v City of Niagara Falls (supra), has again raised the double discounting argument, maintaining that some of the language contained in the Court of Appeals decision in Schultz v Harrison Radiator Div. Gen. Motors Corp. (90 NY2d 311) indicated that that Court has, in effect, reversed its decision in Rohring. Nothing in the Schultz decision, including the quotes from the legislative history of CPLR articles 50-A and 50-B, supports this argument. Indeed, an examination of the judgment entered by the trial court in Schultz, and approved by the Court of Appeals, reveals that the calculation of future periodic payments was made in accord with the method adopted by the Appellate Division, Fourth Department, in Rohring v City of Niagara Falls (192 AD2d 228), and specifically approved by the Court of Appeals in its decision in that case.
In Flynn, the jury made the following awards: $14,000 for past medical expenses; $725,000 for past pain and suffering; $300,000 for future medical expenses for 55 years; $9,275,000 for future pain and suffering for 55 years. These awards are fully justified in view of the injuries sustained. Plaintiff, a young honor graduate of Smith College, suffered devastating organic brain injuries which have had and will, in the future, have a profound impact on both her personal and professional life. She has manifested marked personality changes, suffers from epileptic seizures which are not well controlled by medication and faces a most uncertain future which may very well involve the need for brain surgery exposing her to substantial risk.
Thus, using the Rohring method of computing future periodic payments, the parties having agreed to a discount rate of 5.75% plaintiff’s attorneys are entitled to a legal fee of $2,778,802 on *558 the future awards in excess of $250,000 and the plaintiff is entitled to two annuities, one for future medical expenses, in the amount of $3,545 for the first year, increased by 4% compounded annually for 55 years and a second for future pain and suffering, in the amount of $602,167 for the first year, increased by 4% compounded annually for 10 years.[2] For the purpose of calculating interest, present value of the future periodic payments is $5,557,596.
A judgment reflecting the award, the attorney’s fees and the annuities has been signed.
In Boylan, the jury made the following awards: to plaintiff Robert Boylan — $285,000 for past loss of earnings (reduced by stipulation to $185,000 because of plaintiff’s receipt of Social Security payments of $80,000 and union benefits of $20,000); $965,000 for pain and suffering to date; $1,500,000 for future loss of earnings and fringe benefits for 21 years; $1,750,000 for future pain and suffering for 32.5 years, and to plaintiff Patricia Boylan — $750,000 for past loss of services (reduced by stipulation to $250,000) and $750,000 for future loss of services for 32.5 years.
Although the parties stipulated to a discount rate of 6%, there are two matters in dispute. Defendant argues, relying on Buckley v National Frgt. (90 NY2d 210 [1997]), that, in computing future periodic payments, the awards to plaintiff Robert *559 Boylan and Patricia Boylan should be lumped together, at least for the purpose of deducting the $250,000 lump sum, i.e., only one $250,000 lump sum should be deducted from the combined future award to both plaintiffs. Although the Court in Buckley held that the derivative claim for a spouse claiming loss of services must be joined to the claim of the injured spouse, the two claims are, in fact, separate and distinct involving different damages. The recovery of one spouse does not belong to the other and the annuity payments must be allocated individually. The $250,000 lump sum is, thus, to be deducted (in appropriate proportions) separately from the future awards to Robert Boylan and from the single $750,000 award to plaintiff Patricia Boylan.
Pursuant to CPLR 4545, defendant is not only entitled to credit for past Social Security and union payments received by Robert Boylan, but also for those payments which he will, with reasonable certainty, receive in the future. The parties do not dispute that Robert Boylan will receive such benefits in the future but do dispute whether, with reasonable certainty, those benefits will increase over the next 21 years.
Reasonable certainty has been equated with proof by clear and convincing evidence (Caruso v LeFrois Bldrs., 217 AD2d 256). Defendant argues that there is clear and convincing evidence that, for the next 21 years, plaintiff Robert Boylan’s union benefits will increase at an annual rate of 1.5% and that Social Security cost of living adjustment (COLA) increases will be at the annual rate of 3.5%.
The prediction of a 1.5% annual increase with respect to the union benefits is, however, based on limited data (an eight-year experience) and I am not prepared to find, with reasonable certainty, that such increase or an increase in any amount that can be determined will occur over the next 21 years.
The projected Social Security COLA increase of 3.5% per year is based on a 15-year experience, from 1983 to 1998, a period when the inflation rate was substantially higher than it has been in recent years. Predicting an inflation rate for the next 21 years on a 15-year experience does not, in my view, satisfy the burden imposed by CPLR 4545. However, in fairness to the defendant, I believe it is safe to predict, with reasonable certainty, that the political pressures and the lobbying effectiveness of the increasing group of Social Security recipients will result in annual COLA increases of approximately 2% over the next 21 years. Thus, projecting the union benefits at a flat rate and the Social Security benefits as *560 increasing by 2% a year, the defendant is entitled to credit against the award for future loss of earnings of $532,490, reducing that award to $967,510.
Following the method of computing the periodic payments and attorney’s fee outlined in Petrides v Goodgold (170 Misc 2d 770, supra), and discussed in footnote 2 above, plaintiff Robert Boylan is entitled to two annuities, the first of which will pay $27,857 in the first year increased by 4% compounded annually for 21 years and the second which will pay $106,000 in the first year increased by 4% compounded annually for 10 years. His attorneys are entitled to a fee on the award for future damages to Robert Boylan in the amount of $1,130,376. With respect to the award of Patricia Boylan, she is entitled to an annuity that will pay $10,256 in the first year, increased by 4% compounded annually for 32.5 years. The attorney’s fee on that future award is $120,809. For the purpose of computing interest, the present value of the annuities to which Robert Boylan is entitled is $1,415,853. The present value of the annuity to which Patricia Boylan is entitled is $241,603. The annuities are to be purchased from either Metropolitan Life Insurance Company or Prudential Life Insurance Company.

. See JAH v New York City Health & Hosps. Corp. (Sup Ct, NY County, index No. 131302-93) in which a most distinguished jurist commented on the Ariadne-like quality of my opinions on CPLR articles 50-A and 50-B. For those not familiar with Greek mythology, Ariadne wove the thread that enabled Theseus to ascend out of the Labyrinth.

. Following the steps outlined in Petrides (supra) each item of future damages is reduced by an appropriate proportion of the $250,000 lump sum, i.e., $7,500 deducted from the award for future medical expenses and $242,500 deducted from the award for future conscious pain and suffering. (Step 1.) An appropriate unreduced attorney’s fee (here one third) is deducted from the figures arrived at in Step 1 above, leaving an amount of $6,021,667 for future conscious pain and suffering and $195,000 for future medical expenses. (Step 2.) The amounts calculated in Step 2 above are then divided by the number of years for which the award was made, 10 years for conscious pain and suffering, 55 years for future medical expenses, to determine the first year’s payment for each item of future damages, i.e., $602,167 for future pain and suffering, $3,545 for future medical expenses. (Step 3.) Defendant is to obtain two annuities, one to provide plaintiff payment of $602,167 in the first year, such payments to continue for 10 years, increased by 4% compounded annually each year, and a second to provide payment of $3,545 in the first year such payments to continue for 55 years, increased annually by 4% compounded annually. (Step 4.) To compute the attorney’s fee the present value of a different stream of payments must be computed. To determine the first year’s payment of that stream of payments, each item of future damage must be reduced by an appropriate proportion of the $250,000 lump sum. (Step 1.) That reduced amount is then divided by the number of years for which the award was made (no more than 10 years) for pain and suffering. (Step 5.) The attorney’s fee computed in that manner is $2,781,124, one third of that present value. (Step 6.)