■ DANA FISK, Respondent-Appellant, et al., Plaintiff, v CITY OF NEW YORK et al., Appellants-Respondents. [682 NYS2d 164] —Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered May 30, 1997, which, in an action for personal injuries arising out of a rear-end motor vehicle collision, after a jury trial, awarded plaintiff damages of $30,000 for past pain and suffering and $1,000,000 for future pain and suffering, structured pursuant to CPLR article 50-B, unanimously affirmed, without costs.

The trial court correctly withheld from the jury the issue of plaintiff's culpable conduct since defendants' evidence was insufficient as a matter of law to raise an issue of fact in that regard (see, e.g., Galante v BMW Fin. Servs., 223 AD2d 421). Even if the jury credited defendant driver's testimony that he did not see hazard lights on plaintiff's truck prior to the collision, the driver's other testimony that plaintiff's truck, which had stopped in front of an overpass that had no clearance sign posted, was in view directly ahead of him throughout the 40 seconds to one minute that elapsed between his pulling away from a traffic light several blocks away and the collision, and that he did not apply the brakes of his 18-ton sanitation truck until he was 25 to 40 feet away from the rear of plaintiff's truck, precluded any line of reasoning for attributing any degree of fault for the accident to plaintiff. The trial court also correctly directed a verdict for plaintiff on the issue of causation of damages given the uncontradicted testimony of two medical expert witnesses that plaintiff's injuries were caused by this collision.

Although defendants' argument that the trial court misapplied CPLR article 50-B in entering judgment was not preserved for review, we address the argument in the interest of providing guidance for future cases. As implied by our recent discussion in Bermeo v Atakent (241 AD2d 235, 246 ["the remaining elements * * * of future damages * * * are each individually divided by the number of years [over which payment is to be made] * * * [which] provides an annualized basis for each element of future damages"]), we agree with those courts that have held that the base amount of the periodic payments for future damages to be made pursuant to CPLR 5041

(e) should be calculated based on the gross future damage amount rather than present value (*see, Bryant v New York City Health & Hosps. Corp.*, 250 AD2d 797; *Rohring v City of Niagara Falls*, 192 AD2d 228, 232, *affd* 84 NY2d 60; *Taromina v Presbyterian Hosp.*, 171 Misc 2d 618, 620-621; *Petrides v Goodgold*, 170 Misc 2d 770, 771-773, 774; *see also, Damiano v Exide Corp.*, 970 F Supp 222, 226). As noted by Justice Gammerman in *Taromina* and *Petrides*, and by Judge Sand in *Damiano*, because the periodic payments are to be made over time, to calculate the amount of such payments based on present value would, in effect, discount the value of this portion of the award twice. To the extent, if any, this issue has been left open by the Court of Appeals' affirmance of the Fourth Department's calculation in *Rohring* (*supra*), we reject defendants' contention that the Legislature intended such an illogical result not compelled by express statutory language.

We also reject defendants' argument that the annual 4% increases in the periodic future damage payments provided by CPLR 5041 (e) (*see, Bermeo v Atakent, supra,* at 246-247) should not be included in calculating the present value of such payments for purposes of determining the amount of attorneys' fees relating thereto and the value of the annuity contract to be purchased. This argument, which has been previously rejected by the Second and Fourth Departments (*see, Bryant v New York City Health & Hosps. Corp., supra*; *Karagiannis v New York State Thruway Auth.*, 209 AD2d 993, 994), is lacking in logic, since it would lead to a judgment requiring the purchase of an annuity contract insufficient to provide for the payment of the 4% annual increases required by the statute. Moreover, defendants' argument is contrary to the relevant statutory language. CPLR 5041 (e) requires that the present value of the annuity contract to be purchased be determined based on "the full amount of the remaining future damages, *as calculated pursuant to this subdivision*" (emphasis added), and then subsequently requires that the periodic payments of the remaining future damages include the 4% annual increases. Similarly, CPLR 5041 (c) provides that "the attorney's fees related to the future periodically paid damages shall * * * be payable in a lump sum, based on the present value of the annuity contract purchased to provide payment of such future periodically paid damages pursuant to subdivision (e) of this section". Again, subdivision (e) requires that the future periodically paid damages include the 4% annual increases.

We have considered plaintiff's arguments in support of his cross appeal and find them to be without merit. Concur— Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.