■ KENNETH J. MCGILLOWAY, Respondent, v BLOCK 1289 ASSOCIATES, Appellant. [698 NYS2d 21] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered August 6, 1998, after a jury trial, *inter alia*, finding defendant 90% liable for plaintiff's injury, and awarding plaintiff damages structured pursuant to CPLR article 50-B, unanimously modified, on the facts, and the matter remanded for a new trial solely upon the issue of damages for future medical costs and future pain and suffering, and otherwise affirmed, without costs, unless plaintiff, within 30 days of the date of this order, stipulates to accept an award, before apportionment and structuring, for future medical costs of $300,000, and for future pain and suffering of $880,000, and to entry of an amended judgment in accordance therewith.

Liability was properly imposed on defendant, an out-of-possession owner, in light of plaintiff's demonstration that the absence of a slow-down limit switch on the elevator in defendant's building involved in plaintiff's accident violated a specific requirement of the New York City Administrative Code, and that such absence constituted a structural or design defect rendering the elevator unsafe (*see, e.g., Wagner v Grinnell Hous. Dev. Fund Corp.*, 260 AD2d 265). The jury's finding that defendant's negligence proximately caused plaintiff's injury was not precluded, as a matter of law, by plaintiff's intervening act of leaving the stalled elevator to retrieve his screwdriver since that course of action was a normal and foreseeable consequence of the situation created by defendant's negligence (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520-521).

The damages awarded plaintiff for lost future earnings by reason of the severe and disabling injury to his heel were based on extensive expert testimony and should not be disturbed. Nor do we disturb the award for past pain and suffering. The awards, however, for future medical costs and future pain and suffering deviate materially from what is reasonable compensation to the extent indicated.

The trial court properly structured the judgment pursuant to CPLR article 50-B (*see, Bryant v New York City Health & Hosps. Corp.*, 93 NY2d 592; *Taromina v Presbyterian Hosp.*, 171 Misc 2d 618; *Petrides v Goodgold*, 170 Misc 2d 770). Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.